[No. 6336. Decided October 24, 1906.]

MATTIE E. REDDING, on Her Own Behalf and as Guardian Ad Litem of Nina B. Redding et al., Appellant, v. PUGET SOUND IRON & STEEL WORKS, Respondent.[1]

JUDGMENT—VACATION—TERMS—ATTORNEYS' FEE.   Upon the vacation of a judgment entered for want of prosecution, it is discretionary for the trial court to make the same conditional upon the payment of an attorney's fee in excess of the statutory fee for the trial of a cause without a jury.

Appeal from a judgment of the superior court for Pierce county, Snell, J., entered December 9, 1905, in favor of the defendant for costs, upon failure of plaintiff to comply with the conditions of an order vacating a judgment of dismissal for want of prosecution.   Affirmed.

W. F. Hays, for appellant.

Hudson & Holt, for respondent.

[1]Reported in 87 Pac. 119.

PER CURIAM.—This cause was originally set for trial on April 25, 1905. Upon application of appellant, it was continued until June 1, 1905, and a further continuance was had until June 7. Upon that date it was called for trial, neither appellant nor her attorneys being present, whereupon the action was dismissed for want of prosecution. Subsequently there was an attempt by the appellant to have the judgment of dismissal vacated, and the court did, on the 27th day of October, 1905, make an order vacating said judgment, on condition that appellant pay all costs incident to the entry of said judgment, and the costs of witnesses paid on the final hearing, and $50 attorney's fees. The appellant, upon petition and affidavits, asked the court to modify said conditional order setting aside said judgment, so as to allow the defendant the witness fees, court costs, the statutory attorney's fees, and no more. This motion was denied and, the order not being complied with, the court gave final judgment to the defendant for its costs incurred. From this judgment this appeal is taken.

The appellant does not deny the power of the court to impose terms as a condition precedent to vacating the judgment, but the principal objection is that the court had no power to assess an attorney's fee of $50, or any other attorney's fee greater than the statutory attorney's fee of $10, upon the trial of the cause without a jury. We have examined the record in this case and, without discussing it, are satisfied that the court was justified in making the several different orders in the case that it did make, and that it also had authority to assess any reasonable penalty upon the appellant as a condition precedent to vacating the judgment. It matters not whether that penalty was in the form of costs or attorney's fees; if it was necessary to reasonably reimburse the respondent for the expense and delay that it had been to on account of appellant's action, the action of the trial court in that respect would not be disturbed by this

court.   On that question it is said by Black on Judgments, § 352:

"Since the opening or vacating of a judgment, in any case where an imputation of laches or inattention rests upon the party applying, is an act of grace and favor and is discretionary with the trial court, it has power to impose such terms as may be just and reasonable, as a condition to the granting of such relief, and its action in this respect will not be interfered with, unless for a gross and manifest abuse of discretion. . . . It is clearly within the power of the court to make the payment of costs a condition to granting the relief asked, including, in a proper case and where justice appears to require it, the disbursements of the opposite party, a proper fee to his attorneys, and his reasonable personal expenses incurred in connection with the suit, and also the costs of the motion itself."

To the same effect is 15 Ency. Plead. & Prac., p. 10.

Being unable to discover any abuse of discretion on the part of the court in the whole transaction, the judgment is affirmed.