FENNELL v. REINHARDT.

(Supreme Court, Appellate Division, First Department. February 5, 1909.)

JUDGMENT (§ 169*)—OPENING DEFAULT—TERMS.

Plaintiff's default, the only excuse for which is that his attorney, who was ill, did not anticipate the cause would reach the call or day calendar so soon, should not be opened on the mere indemnifying of defendant against the cost of opposing the motion to open; but he should be indemnified against the charges of his attorney for attending the call of the calendar and taking a dismissal of the complaint, in addition to the other disbursements which he incurred.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 328, 329; Dec. Dig. § 169.*]

Appeal from Special Term, New York County.

Action by Gerald M. Fennell against J. Thomas Reinhardt. From an order opening plaintiff's default, vacating the judgment entered on the default, and restoring the cause to the calendar, to be placed on the

next call calendar, on payment of $10, defendant appeals. Modified and affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGH-TON, and SCOTT, JJ.

Romeyn Berry, for appellant.
William E. Deane, for respondent.

LAUGHLIN, J. The object of the appeal is to review the decision of the Special Term with respect to the terms upon which the default should be opened. The propriety of opening the default is not questioned, and therefore need not be considered. It appears that after the cause was at issue it was duly placed upon the calendar, and in due course of procedure under the rules it appeared upon Friday call calendar and was placed upon the day calendar in Trial Term, Part 14, on the 22d day of October, 1908. At the call of that day calendar no one appeared for the plaintiff; but the attorneys for the defendant were represented, and the cause was marked ready on their part. On the second call of the calendar, the same day, no one appeared for the plaintiff, and a motion that the complaint be dismissed was made in behalf of the defendant, and granted. The only excuse for plaintiff's default is an affidavit by his attorney to the effect that he did not anticipate that the cause would reach the call calendar or day calendar so soon, and that he was obliged by illness to leave his office on the 21st day of October, 1908, and was confined to his house under the care of a physician until after the 24th day of the same month.

The practice of the attorneys for the defendant was regular in all respects, and they were entirely right in taking a dismissal of the complaint and in entering judgment thereon, inasmuch as there was no appearance on the part of the plaintiff and no excuse offered for the failure of his attorney to look after the cause. Although justice requires that the plaintiff should be permitted to try his case, justice to the defendant requires that he should be indemnified against the charges of his attorney or counsel for attending the call of the calendar and taking a dismissal of the complaint, in addition to the other disbursements which he incurred. The terms imposed at Special Term, which merely indemnify the defendant against the cost of opposing the motion to open the default, were wholly inadequate. It appears by the bill of costs, as taxed, that five term fees were chargeable, that no disbursement was incurred for witness fees, and that the costs on entering judgment were $1.84.

The order should therefore be modified, by making opening the default and vacating the judgment conditional upon the plaintiff's paying $10 costs of opposing the motion, $30 trial fees, and $1.84 disbursements on entering the judgment, and, since no further term fee can be taxed, $10 for an additional term fee, and, as thus modified, affirmed, with $10 costs and disbursements to appellant. All concur.