(157 App. Div. 326.)

### GIRARDS v. ROSENCRANS.

(Supreme Court, Appellate Division, Second Department. June 6, 1913.)

JUDGMENT (§ 167*)—DEFAULTS—VACATION.

    Where a default was taken against defendant, owing to the negligence of his counsel, he will be allowed to answer on payment to plaintiff of his costs and disbursements and an immediate trial be had, the judgment to stand as security for any sum recovered.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 326, 330, 333, 334; Dec. Dig. § 167.*]

Appeal from Special Term, Kings County.

Action by Appolonia Girards against William B. Rosencrans. From an order granting a motion for leave to issue an execution, and denying defendant's motion to open and vacate a default, defendant appeals. Order reversed, and defendant's counter motion to open the default granted.

Argued before BURR, THOMAS, CARR, RICH, and STAPLETON, JJ.

Henry D. Merchant, of New York City (Alfred D. Olena, of New York City, and Abel Merchant, Jr., of Nassau, on the brief), for appellant.

Charles Harwood, of New York City, for respondent.

PER CURIAM. This is an appeal by the defendant from an order of the Supreme Court, made at the Kings County Special Term, granting a motion for leave to issue an execution, and denying a counter motion, made on behalf of the defendant, to open a default, and vacate a judgment entered on the default, and to restore the cause to the calendar for trial.

The action was to recover damages for the seduction of the plaintiff's daughter. A judgment was entered upon the default of the defendant in appearing for trial on April 28, 1904. The inquest was not taken until April 28, 1905. No notice of the entry of judgment was ever served upon the attorney for the defendant, and no execution issued prior to the date of this application. More than five years had elapsed between the entry of judgment and the service of the

notice of this motion, and the notice of this motion. was the first notice that the defendant had that judgment had been taken against him by default. He thereupon made a counter motion to open the default. Defendant seasonably answered, denying the material allegations of the complaint, and both parties seasonably noticed the case for trial. It appeared upon the day calendar, but, through the neglect of the attorney to whom the defendant committed his cause, the default was taken. The attorney for the defendant relied upon the oral statement of the representative of the plaintiff's attorneys that there was a likelihood of the case being abandoned, and ignored the calendar. The defendant avers that he has a good and substantial defense on the merits to the plaintiff's cause of action.

Justice to the defendant requires that he should not suffer through the act or omission of his attorney, and that he should be permitted to try his case. Fennell v. Reinhardt, 130 App. Div. 444, 114 N. Y. Supp. 1023. Justice to the plaintiff also requires that she should be indemnified by the payment of her costs and disbursements, that she be allowed an immediate trial, and the judgment suffered to stand as security for any sum a jury may award her.

The order should be reversed, and the defendant's counter motion to open the default granted, upon the payment of costs as taxed and of $10 costs for opposing the motion to open the. default, the order to contain a direction that the judgment heretofore entered shall stand as security for any judgment which the plaintiff may recover herein, and that the case shall forthwith be restored to the calendar for trial, and the plaintiff's motion for a leave to issue execution denied, without prejudice to a renewal at Special Term, should defendant fail to comply within 10 days with the terms upon which his default is opened.