(162 App. Div. 891)

### KRESSH v. NOVICK et al.

(Supreme Court, Appellate Division, Second Department. June 5, 1914.)

JUDGMENT (§ 169*)—DEFAULT—VACATION—CONDITION.

    While defendants should be permitted to try their case on the merits, where, through the negligence of their attorney they were not represented when the case was called, the plaintiff should be fully indemnified by payment of the costs and disbursements included in the default judgment.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 328, 329; Dec. Dig. § 169.*]

Appeal from Kings County Court.

Action by Harry A. Kressh against Ida Novick and others. From an order granting defendants' motion to open their default, plaintiff appeals. Order modified and affirmed.

Argued before JENKS, P. J., and BURR, RICH, STAPLETON, and PUTNAM, JJ.

Samuel Dickstein, of New York City, for appellant.
Israel Ben Scheiber, of New York City, for respondents.

RICH, J. The plaintiff appeals from an order of the county court of Kings county, opening defendants' default upon payment of $10 costs, and restoring the action to the calendar for trial, the judgment entered upon said default to stand as security. On March 20, 1914, this action, which is brought to foreclose a mechanic's lien, was transferred from the general to the reserved calendar and set for trial for March 25th following, and a copy of the order was duly served on defendants' attorney. On March 22d, plaintiff's attorney was notified by the chief clerk of the court that the trial must be adjourned to the 27th. On March 24th, a clerk in the office of defendants' attorney asked the plaintiff's attorney if the action would be on the day calendar for the following day, March 25th, and was informed of the notice received from the clerk, and told that the action would be on the day calendar on March 27th, and that the plaintiff and his attorney would be ready to proceed at that time, and that a letter had already been mailed to that effect. On the 27th, plaintiff and his attorney waiting an hour and no one appearing for the defendants, a default and inquest was taken, and judgment accordingly entered on March 30th for the relief demanded in the complaint.

The only excuse for suffering the default is that a clerk in the office of the attorney for the defendants saw, in a paper on the morning of March 25th, a statement that the reserved calendar, to which he assumed the action had been transferred, had been passed until April 6,

1914. While the defendants should not be compelled to suffer in consequence of the negligence of counsel, and should be permitted to try their case on the merits (Girards v. Rosencrans, 157 App. Div. 326, 142 N. Y. Supp. 139; Fennell v. Reinhardt, 130 App. Div. 444, 114 N. Y. Supp. 1023), the terms imposed by the learned county court for opening the default are wholly inadequate. Justice to the plaintiff requires that, as a condition of opening such default, the plaintiff should be fully indemnified by the payment of the costs and disbursements included in said judgment.

The order must therefore be modified so as to make the opening of the default conditional upon the payment of the trial fee, $30, and $10 costs of the motion, and, as so modified, affirmed, with $10 costs and disbursements to the appellant. All concur.