## FIDELITY SAVINGS CO. v. SECURITY SAVINGS & COMMERCIAL BANK.

(Court of Appeals of District of Columbia. Submitted December 8, 1924. Decided January 5, 1925.)

### No. 4113.

Garnishment ⚏149—Garnishee, who denies indebtedness to or possession of goods or credits of defendant, may be required to appear in court for oral examination.

Garnishee, who in answer to interrogatories denies that it is indebted to defendant, or has any goods or credits of defendant in its possession, may, on motion, be required to appear in court for oral examination under oath touching any property or credits of defendant in its hands, under Code D. C. § 447, notwithstanding section 461.

Error to Municipal Court of District of Columbia.

Attachment suit by the Fidelity Savings Company, in which the Security Savings & Commercial Bank was named as garnishee. To review orders denying plaintiff's motion to require garnishee to appear in court and be examined, and plaintiff's motion for judgment against garnishee, plaintiff brings error. Reversed and remanded.

G. C. Shinn, of Washington, D. C., for plaintiff in error.

G. E. Edelin, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. Review of a judgment of the municipal court of the District of Columbia. The Fidelity Savings Company, as plaintiff, sued out a writ of attachment against the debtor in the municipal court of the District, and named the Security Savings & Commercial Bank as garnishee. The interrogatories addressed to the garnishee and the answers thereto read as follows:

"(1) Were you, at the time of the service of the annexed writ of attachment, or have you been, between the time of such service

and the filing of your answer to this interrogatory, indebted to the defendant? Answer: Acct. closed.

"(2) Had you, at the time of the service of the annexed writ of attachment, or have you had, between the time of such service and the filing of your answer to this interrogatory, any goods, chattels, or credits of the defendant in your possession or charge? If so, what? Answer: No."

The answer of the garnishee was subscribed and attested as follows:

"Security Savings & Commercial Bank, Washington, D. C., Samuel R. Bauslor, Cashier. Subscribed and sworn to before me this 30th day of July, 1923, Melvin M. Gusdorf, Notary Public."

Thereupon the plaintiff moved for a subpoena under section 447, D. C. Code, to require the garnishee to appear in court and be examined orally under oath touching any property or credits of the defendant in its hands. This motion was denied by the court with the following notation:

"Refused under section 447 of the D. C. Code, on the ground that section 461 applies."

The plaintiff then moved for judgment under section 467, D. C. Code, against the garnishee in the sum claimed against the debtor, upon the ground that it had failed to answer the interrogatories in the manner and form required by law. This motion was based upon the terms of the answer to the first interrogatory, and the form of the verification. The court overruled the motion, and discharged the garnishee. The plaintiff below excepted to each of these rulings, and now assigns them as errors.

We think that it was error for the lower court to deny the plaintiff's motion for an oral examination of the garnishee. The subject of interrogatories in such cases is governed by section 447, D. C. Code, which provides, first, for written interrogatories and answers, and next that, "in addition to the answers to written interrogatories required of him, the garnishee may, on motion, be required to appear in court and be examined orally under oath touching any property or credits of the defendant in his hands." The defendant in error argues that this provision, by its express terms, applies only to an examination of the garnishee "touching any property or credits of the defendant in his hands," and therefore cannot be invoked

unless the garnishee admits in his written answers that in fact he has property or credits of the defendant in his hands, nor can the oral examination extend beyond the property or credits which the garnishee admits to be in his hands. We think, however, that this interpretation of the provision is too narrow, and that it permits of an oral examination of the garnishee as broad as the one in writing. Both are provided as means whereby the creditor may ascertain whether the garnishee has property or credits of the defendant in his hands, and, if so, what the facts are concerning them.

Nor do we think that the procedure permitted by the foregoing section is limited or modified by section 461. That section provides that, in case the garnishee denies the possession of any property or credits of the defendant, the plaintiff may traverse the answer, and the issue thus made may then be adjudicated. This provision, however, is not inconsistent with the provision in section 447 permitting an oral examination of the garnishee. Such an examination may be necessary for the information of the creditor before he is able to decide whether he should traverse the answer of the garnishee.

In Washington Loan & Trust Co. v. Susquehanna Coal Co., 26 App. D. C. 149, the garnishee answered two of the five interrogatories in the negative, and refused to answer the other three. In the answers to the two the garnishee denied that it was indebted to the defendant, or had any goods, chattels, or credits of the defendant in its hands. Upon the application of the plaintiff the lower court nevertheless required the garnishee to submit to an oral examination, and to make full answers to the other interrogatories. That ruling was affirmed by this court, under authority of section 447 of the District Code. Consistent therewith is the opinion of this court in International Seal Co. v. Beyer, 33 App. D. C. 172.

We think the order of the lower court should be reversed, for the reason stated. We shall not discuss the other assignments presented by the record, but content ourselves with saying that they are not well taken and are overruled.

The judgment is reversed, at the costs of the defendant in error, and the cause is remanded for further proceedings not inconsistent herewith.