978

**FLYNN v. POTOMAC ELECTRIC POWER CO. et al.**

No. 5015.

Court of Appeals of District of Columbia.

Submitted Feb. 9, 1931.

Decided March 2, 1931.

L. Robinson Maddox and Marie A. Flynn, both of Washington, D. C., for plaintiff in error.

H. W. Kelly, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

The question involved in this case relates to a ruling of the municipal court in a garnishment case.

On December 1, 1927, the plaintiff in error recovered a judgment against Marland W. Townsend by consideration of the municipal court in the sum of $250, and an attachment was issued thereon with a writ of garnish-

ment to the Potomac Electric Power Company.

The following is a copy of one of the interrogatories served upon the garnishee: "Were you at the time of the service of the annexed writ of attachment, or have you been between the time of such service and the filing of your answer to this interrogatory indebted to the defendant, and, if so, how, and in what amount?" To this question the garnishee, through its treasurer, A. M. Fisher, answered, "Nothing."

Thereupon the plaintiff in error moved for leave to examine Fisher as treasurer of the garnishee company orally and under oath in reference to the interrogatory and the answer thereto. The motion was denied by the court upon the ground that such an oral examination could not be had unless the applicant had first "traversed" the answer. This proceeding in error is brought to review that order.

In our opinion the municipal court's ruling was erroneous. In section 1089, D. C. Code (D. C. Code 1930, T. 24, § 287), provision is made for the filing of interrogatories in writing to be served upon a garnishee concerning any property of the defendant in his possession or any indebtedness of his to the defendant, the garnishee to file his answers thereto under oath. The section also provides that, "in addition to the answers to written interrogatories required of him, the garnishee may, on motion, be required to appear in court and be examined orally, under oath, touching any property or credits of the defendant in his hands."

In section 1095, D. C. Code (D. C. Code 1930, T. 24, § 292), provision is made for a trial of the issue in case the garnishee answers to interrogatories that he has no property or credits of the defendant in his hands, and the plaintiff traverses such answer. But the latter provision does not affect the right of the plaintiff to examine the garnishee orally under oath, under section 1089, supra. A "traverse" of the answer by the plaintiff is not a condition precedent to the exercise of that right.

In Fidelity Savings Co. v. Security Savings & Commercial Bank, 55 App. D. C. 180, 3 F.(2d) 351, a similar question was before this court under section 447 and 461 D. C. Code (D. C. Code 1930, T. 24, §§ 123, 137), governing attachments before judgment. These sections correspond with sections 1089 and 1095, supra, relating to attachments after judgment, and are in similar terms thereto. The court held that a garnishee, who in an-

swer to interrogatories denies that it is indebted to defendant, or has any goods or credits of defendant in its possession, may, on motion, be required to appear in court for oral examination under oath touching any property or credits of defendant in its hands, under section 447, D. C. Code (D. C. Code 1930, T. 24, § 123) notwithstanding section 461 (D. C. Code 1930, T. 24, § 137). In other words, the court held that it was not necessary for the plaintiff to traverse the answer of the garnishee, in order to exercise the right of examining the garnishee orally under oath. See Washington Loan & Trust Co. v. Susquehanna Coal Co., 26 App. D. C. 149; International Seal Co. v. Beyer, 33 App. D. C. 172.

It may be added that the defendant in error in effect now concedes that the ruling of the municipal court was erroneous, but insists that the question is now moot, because, as it alleges, the plaintiff in error has personally met the officers of the garnishee in conference since the filing of the petition in error, and been given full and satisfactory information concerning the matter in issue. The garnishee argues that the purpose of this case has been accomplished, and it would be futile to reverse the lower court and remand the case to that court for a hearing. The plaintiff in error, however, avers that, although a conversation was had between the parties on this subject it was not designed or intended to waive the legal rights involved in this proceeding. In these circumstances we think it proper to reverse the judgment below.

The judgment is therefore reversed at the cost of the garnishee, Potomac Electric Power Company, and the cause is remanded for further proceedings not inconsistent herewith.