## YOUNG v. NICHOLSON (RIGGS NAT. BANK, Garnishee).

### No. 7235.

United States Court of Appeals for the District of Columbia.

Decided July 31, 1939.

George F. Shea, Martin F. O'Donoghue, and Thomas X. Dunn, all of Washington, D. C., for appellant.

George E. Edelin and Milton J. Kibler, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

VINSON, Associate Justice.

The appellant, plaintiff below and hereinafter so called, had recovered a judgment against Grace E. Nicholson, defendant below and hereinafter so called, in the amount of $5,085.73, with interest. An attachment on the judgment issued and the Riggs National Bank was served as garnishee and called upon to answer interrogatories. It duly answered that there was a balance of $42.10 belonging to defendant, and "a balance of $8,942.28 in a checking account to credit of Lorraine Mae Nicholson, a minor, subject to control of Mrs. Grace E. Nicholson, her mother, the defendant, and a balance of $95.04 in a savings account to the credit of said Lorraine Mae Nicholson subject to control of Mrs. Joseph H. Nicholson, her mother, the defendant. The extent of the defendant's interest if any in the last two mentioned accounts is unknown to the garnishee."

Upon application the district court entered an order allowing plaintiff oral examination of the garnishee. Before the oral examination was had the defendant moved to quash the writ of garnishment on the ground "that it appears upon the face of the writ and the answers to the interrogatories that the interest of the defendant is purely equitable". By agreement, the oral examination of the garnishee, together with the motion to quash the writ of garnishment, were to be heard before the same justice. At this hearing, the court did not allow the oral examination which had theretofore been ordered. Thereupon the plaintiff made a proffer of evidence which would have been adduced upon such oral examination. The court sustained the objection of defendant to this proffer of evidence and exception was

duly taken. Thereupon the court quashed the writ of garnishment on the ground "that the face of the return showed that Lorraine Mae Nicholson, minor, had some manner of interest in the account at garnishee's Bank, said Lorraine Mae Nicholson being a minor and not being before the Court, her interest in said account should not be disclosed", plaintiff saving his exceptions thereto.

We are of the opinion that the district court erred in refusing the plaintiff the right to examine the garnishee orally. The right to oral examination supplementing the information obtained in the garnishee's answer is permitted in the District of Columbia in express statutory terms. Tit. 24, sec. 287, D.C.Code of 1929. The garnishee's answer on its face shows the uncertainty as to the ownership of the deposit, which is thus fairly presented to the court. The oral examination provides an additional mode of gaining information about property, money, or credits sought to be attached. In Fidelity Savings Co. v. Security Savings & Commercial Bank, 55 App.D.C. 180, 3 F.2d 351, 352, we said: "Both [written and oral examinations] are provided as means whereby the creditor may ascertain whether the garnishee has property or credits of the defendant in his hands, and, if so, what the facts are concerning them." We also said that "such an examination may be necessary for the information of the creditor before he is able to decide whether he should traverse the answer of the garnishee."

Neither the answer of the garnishee nor the information obtained in the oral examination is conclusive upon the court in respect of the true ownership of the fund. Sections 291 and 292, Tit. 24, D.C.Code of 1929, govern the determination in this respect. Sec. 292 permits the plaintiff to traverse the garnishee's answer, the issue thereby made to be tried before the court, or by a jury if either party so desire (sec. 291). We have heretofore held that it is unnecessary to traverse the garnishee's answer prior to the oral examination. Fidelity Savings Co. v. Security Savings & Commercial Bank, supra; Flynn v. Potomac Electric Power Co., 60 App.D.C. 82, 47 F.2d 978.

Defendant maintains that the garnishee's answer shows that a trust relationship exists between herself and daughter. Below, her motion to quash the writ was based upon the ground that her interest was equitable and could not be reached in this proceeding. While still adhering to this view, she likewise attempts to show that the language discloses a mere legal interest in herself with the equitable interest in her daughter. Plaintiff denies that this language shows the existence of either a trust or gift. The parties must necessarily confine themselves, in this record, to the language of the garnishee's answer, since there is no evidence upon the real ownership of the fund. However, the answer does not tell the whole story. It may be that the fund belonged to the defendant, and that her daughter, or other person, had no interest therein; it may be that her interest was equitable, in which event there could be a transfer of the action to the equity side, where such interest might be subjected[1]; or, it may be that she had no attachable interest in the fund at all. But the court did not determine to whom the fund belonged and, of course, we express no opinion whatever in respect thereof.

The sole point in the proceedings below was the determination whether defendant's interest in the fund was subject to attachment. It was not decided. The district court took the return of the garnishee's answer as conclusively showing that Lorraine Mae Nicholson "had some manner of interest" in the fund and that she, being a minor and not before the court, should not have her interest in the account disclosed. The answer of the garnishee, as we have said, is not conclusive. The ownership of the fund is determined by a trial of that issue before the court, or jury, if either party so desire. Sec. 292. True it is that Lorraine Mae Nicholson is a minor and was not before the court at the time the writ was quashed. But being a minor, and not a party to the proceeding, should not prevent the plaintiff from undertaking to subject the fund, if defendant's interest be attachable, to his judgment debt. The court very properly was desirous of protecting the rights of the infant, and if, in the course of the proceeding, her participation is needed, she may, on her own motion, become a party to the proceeding, or be made a party, to the end that her rights be protected and the controversy fully determined.

---

[1] Tit. 24, sec. 14, D.C.Code 1929.

As we view it, the statute contemplates (1) the garnishee answering written interrogatories, (2) oral examination of the garnishee, supplementing the answers to the interrogatories, (3) traverse by plaintiff of the garnishee's answer, after the oral examination, and (4), the determination of the issue joined by traverse. We therefore think the action of the district court erroneous in quashing the writ of garnishment before these procedural steps outlined in the statute could be completed. In this case, the right of the plaintiff to examine orally, traverse, and have a determination of the issues was foreclosed by the order of quashal. This is all that is properly before us and all that we decide here. We hold, as is conceded by all parties, that the sum of $42.10 returned by the garnishee as a credit of Grace Nicholson, must, in any event be condemned.

Reversed and remanded for action in conformity with this opinion.