## DICKINSON v. BROOKS.
### No. 7274.

United States Court of Appeals for the District of Columbia.

Argued Oct. 13, 1939.

Decided Oct. 14, 1939.

On Rehearing Nov. 30, 1939.

Gerald M. Johnson, of Washington, D. C., for appellant.

Thurman L. Dodson and Horace O. Pollard, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

PER CURIAM.

This was a proceeding for attachment after judgment. The trial court denied a motion for summary judgment based on alleged insufficiency of garnishee's answer. The issue is whether the answer was so evasive as to be no answer at all. We do not think it was.

The usual written interrogatories were directed to the garnishee. She answered that she was indebted to defendant in the principal suit and that this indebtedness, in the amount of $300, had been established by stipulation filed in an equity suit between her and the defendant then pending in the District Court. The stipulation was filed as an exhibit and recited that the named amount was "in compromise of all the various claims and counterclaims between the parties". If the plaintiff was not satisfied with this answer, he had means of testing its accuracy and truthfulness. D.C.Code 1929, Tit. 24, Secs. 287, 292, 295. As we recently said in Young v. Nicholson, 70 App.D.C. 351, 107 F.2d 177, decided July 31, 1939, this statute contemplates "(1) the garnishee answering written interrogatories, (2) oral examination of the garnishee, supplementing the answers to the interrogatories, (3) traverse by plaintiff of the garnishee's answer, after the oral examination, and (4), the determination of the issue joined by traverse." The record shows only the first of these steps. In the circumstances, the trial court was correct in denying the motion for summary judgment.

Affirmed.

On Rehearing.

PER CURIAM.

Order denying petition for rehearing and amending judgment to read: Affirmed, without prejudice to such further proceedings in the District Court as may be proper and in accordance with law.