### BRIDGETT v. PERPETUAL BLDG. ASS'N.
### No. 941.

Municipal Court of Appeals for the
District of Columbia.

Argued Aug. 28, 1950.

Decided Sept. 27, 1950.

S. Albert Mickler, Washington, D. C., for appellant.

Samuel Scrivener, Jr., Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant Bridgett, hereafter called plaintiff, commenced an action against Carl S. and Josephine Z. Dellinger, hereafter called defendants, on a promissory note for $2,200. With the complaint plaintiff filed an affidavit in support of attachment before judgment alleging that defendants were non-residents.[1] An attachment was issued and served upon Perpetual Building Association as garnishee. Interrogatory No. 1, required

to be answered by the garnishee, reads as follows: "Were you, at the time of the service of the annexed writ of attachment, or have you been, between the time of such service and the filing of your answer to this interrogatory indebted to the defendant? If so, how and in what amount?" To this interrogatory the garnishee made the following answer: "Undisbursed balance of construction loan $2,957.50 Less: Interest, taxes, appraisal fees, etc. due association $785.83 Balance $2,171.67." In answering other interrogatories the garnishee merely referred to its answer to interrogatory No. 1. The garnishee's answer was filed on March 2, 1949. The attachment notified the garnishee to appear in court on or before the twentieth day, exclusive of Sundays and legal holidays, after service, and show cause, if any there be, why the attached credits should not be condemned, and execution thereof had;[2] but the garnishee took no steps to release the attached credits or to show cause why they should not be condemned. On May 4 an order of publication was issued against defendants. Defendants made no appearance within the time limited therefor by the order of publication and on July 21 judgment was entered against them on ex parte proof for the amount of the note. On the same day judgment was entered against the garnishee for $2,171.67, the balance disclosed by its answer. On August 2 a writ of fieri facias was issued against the garnishee and the marshal executed it by accepting from the garnishee a check for the full amount of the judgment aganist the garnishee. The garnishee notified the marshal not to deliver the check or its proceeds to plaintiff and filed a motion to vacate the judgment against it. The court granted the motion and vacated the judgment. Plaintiff has appealed.

The garnishee urges that the order vacating the judgment is not an appealable order. This court is authorized to review final orders and judgments and interlocutory orders "whereby the possession of property is changed or affected such as orders dissolving writs of attachment

1. Code 1940, § 16—301.

2. Code 1940, § 16—302.

and the like".[3] Both parties concede that the order is not final, that it does not operate as an adjudication on the merits, and that its effect is merely to give the garnishee an opportunity to be heard on the merits. The appealability of the order therefore depends on whether it changed or affected possession of property. The statute permitting appeals of right to the United States Court of Appeals for the District of Columbia from interlocutory orders[4] is worded substantially the same as our statute, and it has been ruled that such statute intended "to permit appeals only from interlocutory orders which if carried into effect would change or affect the actual possession of property as it existed immediately before the orders, i. e., intended to permit appeals from orders which would change the status quo ante the orders." Laughlin v. Berens, 75 U.S.App.D.C. 409, 411, 128 F.2d 23, 25. Applying that test we think the order here involved is appealable. In execution of the judgment the marshal had taken funds from the garnishee and was prepared to deliver them to plaintiff. Vacating the judgment prevented such delivery. Instead of holding the funds for plaintiff the marshal now holds them subject to future order of the court. If the order did not change possession, it certainly affected it. The status of the funds immediately prior to the order was substantially altered by the order.

On the appeal plaintiff's first point is that the trial court lacked jurisdiction to vacate the judgment. It is argued that execution and seizure of funds sufficient to satisfy the judgment operated to satisfy and extinguish the judgment and that there was nothing for the court to act upon. We cannot agree. The funds had not been delivered to the plaintiff but remained in the hands of the marshal and under these circumstances we have no doubt of the power of the court to vacate the judgment.

Plaintiff's second point also questions the jurisdiction of the trial court to vacate the judgment. The argument here is that the court acted under its rule 53(b), that such rule has no application to judgments in rem, and that the judgment vacated was a judgment in rem. This argument cannot be sustained. When a garnishee is served, "the suit becomes a suit in personam against the garnishee and the judgment which follows becomes a personal judgment against him." United States ex rel. Ordmann v. Cummings, 66 App.D.C. 107, 109, 85 F.2d 273, 275.

The main argument of plaintiff is addressed to the point that the trial court in vacating the judgment acted arbitrarily and in abuse of discretion. The motion to vacate was supported by various affidavits. The substance of these was that the answer of the garnishee was in error insofar as it implied that the garnishee was indebted to defendants, that the answer was intended to advise the court that the garnishee held an undisbursed balance under a construction loan agreement with one of the defendants, that such balance was only a contingent liability until fulfillment of the loan agreement, and that such agreement had not been fulfilled. On such a showing, even though there were opposing affidavits, we cannot hold that vacating the judgment was an abuse of discretion. Of course the garnishee should have answered more definitely and should have specifically denied owing defendants any amount at time of service if that was its position, but rule 53(b) is remedial and should be construed liberally and doubts as to awarding relief ought to be resolved in favor of a hearing on the merits. Manos v. Fickenscher, D.C. Mun.App., 62 A.2d 791. The action of the court on the motion will not prevent plaintiff from obtaining a judgment if he proves his right thereto.

Plaintiff's final point is that if the garnishee was entitled to relief, such relief should have been granted only on condition that the garnishee compensate plaintiff for his expenses incurred as a result of garnishee's action and inaction in the proceedings. The trial court was requested by plaintiff to condition the vacating of the judgment on payment by garnishee of plaintiff's costs and a reasonable amount for counsel fees. The trial court ordered pay-

---

3. Code 1940, Supp. VII, § 11—772.

4. Code 1940, § 17—101.

ment of costs but denied any sum for counsel fees. The record indicates that the trial court was in doubt as to its authority to order payment of the latter item.

Rule 53(b) of the trial court provides that relief thereunder may be granted, "upon such terms as are just." We think under this rule payment of counsel fees may be imposed as one of the terms of granting relief. The rule is based on Fed. Rules Civ.Proc. rule 60, 28 U.S.C.A., and while we have found no case awarding counsel fees under that rule there are numerous cases holding that under F.R.C.P. 41, permitting the court to dismiss without prejudice a complaint at plaintiff's instance "upon such terms and conditions as the court deems proper", counsel fees may be awarded.[5] Furthermore, the practice of requiring payment of costs and attorneys' fees as a condition to vacating a default judgment is a long and well-established practice in the state courts.[6] The basis of such a requirement is that one who seeks relief from a judgment taken against him by his neglect, inadvertence or mistake, seeks relief discretionary with the court, and the court in exercise of its discretion may grant relief on terms equitable to the other party.[7] The rule that in the absence of statutory authority attorneys' fees are not taxable as costs[8] has no application here. Payment for counsel fees is not imposed as costs but as a condition to obtaining relief to which the party is not entitled as a matter of right.

In our opinion the trial court not only could have conditioned relief on payment of a reasonable attorney's fee, but should have done so under the circumstances of this case. The garnishee should have answered the interrogatory with a definite yes or no, adding any explanation required to make its answer clearly express the facts and its position with respect thereto. Instead it answered in an equivocal manner, to say the least; and took no steps to clarify the situation. It was not until after defendants had been proceeded against by publication, judgment taken against the defendants, judgment taken against the garnishee and execution had on the judgment against it, that the garnishee, by its motion to vacate judgment, attempted to tell the court and plaintiff what meaning it had intended to convey by its answer filed more than five months earlier. While its motion to vacate was pending garnishee filed two injunction suits —one in the District Court and one in the Municipal Court—seeking to enjoin disposition of the funds in the marshal's hands. Both suits were opposed by plaintiff and both were dismissed. It is plain that plaintiff has been put to extra expense for counsel fees because of the garnishee's misleading answer. We have said that rule 53(b) is to be liberally construed but it should not be construed so liberally as to relieve a neglectful or defaulting party and at the same time penalize the diligent party. When the trial court in exercise of its discretion vacated the judgment, it should have conditioned it not only on payment of costs, but also on payment of a reasonable amount to compensate plaintiff for expenses incurred for counsel fees made necessary by the garnishee's failure to proceed properly and diligently.

The order of the trial court vacating the judgment against the garnishee on condition of payment of costs is to that extent affirmed, but said order is remanded with instructions to further condition vacation of the judgment on payment of a sum for counsel fees in such amount as the trial court shall find reasonable under the circumstances of the case and in accordance with this opinion.

Remanded for further proceedings in accordance with this opinion.

5. New York, C. & St. L. R. Co. v. Vardaman, 8 Cir., 181 F.2d 769. Cf. Adams v. Davis, D.C.Mun.App., 47 A.2d 792.

6. Freeman on Judgments, Sec. 295; Koch v. Wisconsin Pea Canners Co., 146 Wis. 267, 131 N.W. 404; Fennell v. Reinhardt, 130 App.Div. 444, 114 N.Y.S. 1023; Ktorides v. Kazamias, R.I., 67 A.2d 404.

7. Redding v. Puget Sound Iron & Steel Works, 44 Wash. 200, 87 P. 119.

8. Shipley v. Major, D.C.Mun.App., 44 A.2d 540.