**SEABOARD FINANCE CO.**

v.

**RUPPERT.**

No. 1391.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 2, 1953.

Decided Nov. 18, 1953.

Jules V. Fink, Harry Protas, Washington, D. C., on the brief, for appellant.

William F. Mansfield, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Having obtained judgment by default against a man named Chase, plaintiff caused a garnishment to be issued against his employer. The employer answered that he owed defendant only 44 cents and that he paid him at the rate of $38 per week. Four days after the filing of that answer plaintiff followed with another garnishment directed to the employer. This was served on August 6, 1953, at 2:40 p. m. and on the same day the garnishee swore in his answers to the printed interrogatories (1)

that he owed defendant nothing, (2) that he paid defendant $6.33 per day, and (3) that defendant "drew $20 Monday"—August 3, three days earlier. Plaintiff then filed a motion for leave to orally examine the garnishee respecting the answers to the two writs of garnishment. The trial court refused to permit such examination and plaintiff by this appeal is challenging the propriety of such ruling.

In responding to the interrogatories, the garnishee had filed two sets of answers which were seemingly contradictory of each other as to the method of paying defendant's salary, and which seemingly left something to be explained. The judge gave no reason for his ruling and nothing appears of record which would seem to deprive plaintiff of the privilege of oral examination.

■ Our Code, Section 15-304, authorizes oral examination of a garnishee in open court as a supplement to his answers to the written interrogatories. The purpose of such oral examination has been stated in a number of decisions. It enables an attaching plaintiff to test the accuracy of the garnishee's answers and to determine whether he will challenge the garnishee by a formal traverse, under Code, Section 15-309. Flynn v. Potomac Electric Power Co., 60 App.D.C. 82, 47 F.2d 978; Young v. Nicholson, 70 App.D.C. 351, 107 F.2d 177; Dickinson v. Brooks, 71 App.D.C. 106, 108 F.2d 4.

It may be that on the oral examination this plaintiff will discover nothing of value or importance. It may also develop that some or all of defendant's earnings will prove to be exempt from execution. Code, Section 15-403, as amended by Public Law No. 315, 82d Congress, 2d Session, April 15, 1952, 66 Stat. 59, exempts earnings to the extent of $200 a month to one who provides the principal support of a family, and $60 per month for others. The Act authorizes the garnishee to set up such claim of exemption, and the garnishment form itself contains printed questions and blanks to accomplish that purpose.

■ Naturally, we do not know what the examination of the garnishee will reveal but we are satisfied that the plaintiff should not have been denied the right to conduct an oral examination of the garnishee.

■ Appellant asks us to hold that Municipal Court Rule 69(f), dealing with the subject, contravenes the statute authorizing oral examination of a garnishee. The rule provides that leave of court must be had before the filing of such a motion or service thereof upon a garnishee and also provides that the judge shall examine all papers in the case before ordering such examination. This rule is merely regulatory and was adopted to put an end to known abuses. It provides a salutary means of preventing multiple attachments and needless piling up of costs. Equally important, by channeling the motions into the hands of a judge it enables the court to protect businessmen and other citizens from harassment by overpersistent plaintiffs and overnumerous attachments. A garnishee is usually an "innocent bystander." He almost always appears without counsel and has nothing to gain in the garnishment proceedings, and yet such a proceeding becomes a suit in personam against him and subjects him to the possibility of a personal judgment. Bridgett v. Perpetual Bldg. Ass'n, D.C.Mun.App., 75 A.2d 780. Hence he is entitled to reasonable protection by the court. The rule in question provides a modicum of such protection, and if properly applied will serve the ends of justice and will hurt no one.

Reversed, with instructions to grant plaintiff's motion for oral examination. Costs of this appeal not to be taxed against appellee.