Jack PINKSTON, Trustee, Appellant,

v.

William K. BRILEY, Appellee.

Chancellor WILLIAMS, Garnishee, Appellant,

v.

William K. BRILEY, Appellee.

Nos. 1889, 1890.

Municipal Court of Appeals for the District of Columbia.

Submitted Dec. 10, 1956.

Decided Jan. 24, 1957.

Rehearing Denied March 20, 1957.

Jack Pinkston, Silver Springs, Md., appellant pro se.

James P. Donovan, Washington, D. C., for appellee Wm. K. Briley.

C. Robert Cross, Washington, D. C., for appellant Chancellor Williams.

Before ROVER, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

This started out as a suit by William K. Briley against Holiday Homes, Inc., for architectural services. Briley recovered judgment and on appeal we affirmed (subject to filing of a remittitur, which was done). Holiday Homes, Inc., v. Briley, D.C.Mun.App., 122 A.2d 229.

Now before us in two separate appeals are Pinkston, as assignee for benefit of the creditors of Holiday Homes, defendant below, and Williams, as garnishee of said defendant. Pinkston charges among other things that the trial court improperly refused him permission to appear in the case. Garnishee Williams charges that the trial court erred in refusing him leave to file an amended answer and in entering judgment of condemnation against him.

 *The Pinkston appeal.* Mr. Pinkston is a Maryland lawyer who claimed that as assignee for benefit of the creditors of defendant Holiday Homes (a Delaware corporation doing business in Maryland) he was entitled to all its assets, including the fund sought to be reached in the garnishment against Williams. Pinkston as attorney for Holiday Homes filed on June 4, 1956, a "plea of disclaimer," alleging that all assets of the company had been assigned to him as trustee and that Holiday Homes was making no further claim to the fund under attachment. Apparently he did not seek action on that plea, but on June 13, 1956, he filed a "petition of intervenor," accompanied by a motion for leave to file such petition. He recited that by deed duly recorded in Maryland he had been vested as trustee with all assets of Holiday Homes. On August 2 the motion to intervene was set for August 8. Pinkston not being a member of the District of Columbia Bar, the trial judge ordered that he engage associate local counsel *within three days,* and also ordered that the petition of intervenor be construed as a trial of right to property and that it be heard on August 15. Mr. Pinkston appeared on that day, again without local counsel, and after a brief proceeding the trial judge refused a further continuance but set the case for the follow-

ing day. At that time Mr. Pinkston appeared and it developed that the local counsel he had engaged had merely signed an appearance and then left the city with no reason or explanation given to the court for failing to be present at the hearing. The trial judge refused to permit Pinkston to appear in a representative capacity, but did offer him the privilege of testifying as a witness. Pinkston declined this opportunity and withdrew from the courtroom. Thereupon, there being no evidence in support of Pinkston's claim, the judge decided the trial of right to property against him and in favor of plaintiff.

Without lengthy discussion, we rule that the trial court committed no error in deciding as he did. Nor was there error in holding that a jury demand interposed by Pinkston was untimely because not presented until several weeks after he made his claim as trustee, and after the hearing was well under way, and after the judge had refused a further continuance.

■ We also rule that Pinkston has no standing to complain that the trial judge required him to bring a local attorney into the case. He had been given ample notice that he must comply with Municipal Court Civil Rule 75(c), which prescribes that such be done. Much earlier he had been given special permission to appear as attorney for defendant in the main action in the trial court and in this court. Such was a limited privilege and did not give him the right in his new and different capacity as trustee to proceed without authorized counsel.[1] The petition for trial of right of property commenced a new proceeding independent of the main action. Hunter v. Hollywood Credit Clothing Co., D.C.Mun.App., 77 A.2d 317. When on August 8, the judge ordered the petitioner to bring local counsel into the case, he should have found a lawyer who was not about to leave the city.

■ Furthermore, after the court had accommodated him by several days of delay and when the case was being heard, he was given the opportunity to present his case as a witness (he having already been sworn as a witness on the previous day); but he deliberately elected to forego that opportunity. Thus it would seem that the ultimate question is whether the trial judge abused his discretion in refusing to continue the case a third time. Clearly, there was no such abuse.

■ Also in the realm of discretion were the refusal of the trial judge to permit the filing of an amended petition, refusal to order the case subjected to pre-trial procedure, rejection of certain proffers of proof made after trial and decision, and also the overruling of his motion for new trial. As to appellant Pinkston there was no error.

■ *Garnishee's Appeal.* Plaintiff obtained an attachment before judgment under Code, § 16–301. In June 1955, soon after the attachment was served on him, garnishee Williams answered that defendant had contracted to build a house for him and later failed to complete the contract; that part of defendant's obligations had been assumed by him and "Balance due undetermined"; also, in response to another interrogatory, he said that he had no credits of defendant in his possession "unless the undetermined balance on contract price is in one of these categories." He amplified his answer by a memorandum reciting full details of his contract and dealings with defendant and defendant's default thereunder and concluding that "in the present state of affairs" the balance due defendant "cannot be determined"; that *if* defendant completes the contract a balance of $3,213.95 would be due; but that if the garnishee is forced to resume financing of defendant's obligations, the

1. See Heiskell v. Mozie, 65 App.D.C. 255, 82 F.2d 861.

balance would be less the estimated interest charge of $600 and other unnamed expenses in connection therewith.

Plaintiff never traversed the answer of garnishee as he might have done under Code, § 16–307; nor did he seek an oral examination as authorized by Code, § 16–303. Dickinson v. Brooks, 71 App.D.C. 106, 108 F.2d 4; Young v. Nicholson, 70 App. D.C. 351, 107 F.2d 177; Seaboard Finance Co. v. Ruppert, D.C.Mun.App., 100 A.2d 454. Nor did he file a motion for judgment of condemnation after he had obtained judgment against the defendant, or indeed at any time. As between plaintiff and garnishee the case lay dormant for some ten months. Then on April 19, 1956, while the principal case was still pending on appeal in this court, garnishee filed through counsel an amended answer in the trial court, reciting that his original answer had been filed without benefit of counsel and stating flatly that as a result of investigation by his recently employed attorney he owed nothing to defendant Holiday Homes at any of the times mentioned in the interrogatories. The amended answer recited full details of the transaction, and also stated that he had been notified that the claim against him had been assigned to Pinkston, above described trustee.

When the case came before the trial court in August 1956 the only parties present or represented were plaintiff and the intervenor-claimant Pinkston. Garnishee was not present personally or by counsel. No notice of any kind had been served on garnishee or his counsel of record and as to him all the proceedings which followed were entirely ex parte. This includes the journal entry showing that the court had "denied" leave to file the amended answer, which had already been on file for more than three months, and though served on plaintiff's attorney had not been challenged or objected to.

Remarks appearing in the transcript indicate that the judge was under the impression that Mr. Pinkston appeared as attorney for the garnishee. This was a mistake; the answer was not filed by Mr. Pinkston but by another attorney whose name was signed thereto. At no stage of the proceedings was Mr. Pinkston attorney of record for the garnishee. But whatever the basis of misapprehension, it was wrong to enter judgment against the garnishee.

We have said that there was no error in the proceeding involving Pinkston or in the decision against him. But the judge did not decide against Pinkston and stop there. He followed that by ordering judgment against the garnishee, not only without notice but without the benefit of any testimony. This we must hold was error. When the garnishment was served upon Williams it became a suit in personam against him, and after he filed his answer putting in question the matter of what if anything he owed, the court had no right to order judgment against him without notice. United States ex rel. Ordmann v. Cummings, 66 App.D.C. 107, 85 F.2d 273; Seaboard Finance Co. v. Ruppert, D.C.Mun. App., 100 A.2d 454.

Even forgetting garnishee's second answer, his first one did not show "admitted credits" or provide an evidentiary basis for determining how much, if anything, he owed the plaintiff. That should have been accomplished by giving the parties an opportunity to establish the true facts.

Judgment in No. 1889 is affirmed. Judgment in No. 1890 is reversed for further proceedings in accordance with above opinion.